IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | NO. 16 CV 7499 |
| ALDERKS TIRE SERVICE, INC., ) | |
| KRISTINE M. PIERCE; and KELLEY ) | Judge Ronald A. Guzman |
| WILLIAMSON COMPANY, ) | |
| ) | Magistrate Judge Sheila Finnegan |
| Defendants. ) | |
| ------------------------------------------------------- ) | |
| KRISTINE M. PIERCE, and ALDERKS ) | |
| TIRE SERVICE, INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| STAN OLSEN OILS, INC., NORTHERN ) | **REPLY IN SUPPORT OF** |
| ILLINOIS GAS COMPANY, and KELLEY ) | **MOTION TO ENFORCE** |
| WILLIAMSON COMPANY, ) | **SETTLEMENT** |
| ) | |
| Third Party Defendants ) | |
| ------------------------------------------------------- ) | |
| ) | |
| KELLEY WILLIAMSON COMPANY, ) | |
| ) | |
| Cross-claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALDERKS TIRE SERVICE, INC., ) | |
| KRISTINE M. PIERCE, NORTHERN ) | |
| ILLINOIS GAS COMPANY, and STAN ) | |
| OLSEN OILS, ) | |
| ) | |
| Cross-defendants. ) | |

Defendants/Cross-defendants ALDERKS TIRE SERVICE and KRISTINE PEIRCE (collectively "Alderks"), and Defendants/Third Party Defendants/Cross-claimants, KELLEY WILLIAMSON COMPANY ("KWC"), state as follows for their Reply in Support of their Motion to Enforce Settlement pursuant to Magistrate Judge Finnegan's June 29, 2017 Minute Order:

1. Constructively, BNSF has for the first time acknowledged that the parties reached a binding settlement at mediation that resolved all claims raised in its Complaint. (Response, dkt # 91 at ¶ 1) ("the parties reached a settlement of <u>all claims alleged in BNSF's complaint</u>, and placed the critical terms of the settlement on the record.") (underlining added).[1]

2. The claims from the Complaint which were settled include claims pertaining to "petroleum" and claims pertaining to "other hazardous substances" at the Site, <u>and at other BNSF-owned properties</u>.[2] (Second Amd. Complain, dkt # 30 at ¶¶ 30, 39, 40, 41, 42, 44, 48, 56, & 59) (underlining added for emphasis).

3. The claims from the Complaint which were settled also include claims that defendants "negligently allowed the improvements on the Site to become and remain in an unsafe and defective condition." (Second Amd. Complain, dkt # 30 at ¶ 47).

4. The claims from the Complaint which were settled also include claims that defendants failed to "maintain and keep the Site, together with all fences, buildings, and

---

[1] This concession is an about-face from position that BNSF took as recently as August 27, 2017, when its counsel took the position that the "settlement does <u>not</u> provide for a full release" but a release with conditions, limitations and exclusions, which would preserve BNSF's rights under the leases and preserve its rights to sue defendants with respect to other, off-Site BNSF properties.

[2] "The Site" is defined in the Second Amended Complaint as "certain property located at 100-101 East Second Avenue, Rochelle, IL." (Dkt # 27 at ¶ 1). The "adjacent properties including BNSF-owned property" that is the subject of the complaint was not defined therein.

appurtenances thereon owned by Lessee, in good condition and repair," failed "to indemnify and hold harmless BNSF against all liability, claims, or loss because of damage to or destruction of the Site, while on or in the vicinity of same," failed to "keep the Site in proper, clean, safe and sanitary condition," failed "to make all repairs and renewals necessary to keep any improvements located thereon in good condition and ready and fit for occupancy," failed to "keep the Site in a condition satisfactory to BNSF," and failed "to indemnify BNSF and save it harmless against any and all claims . . . occurring directly or indirectly by reason of any breach of any part of the 1976 Lease." (Second Amd. Complain, dkt # 30 at ¶ 58).

5. The claims from the Complaint which were settled also include claims for unpaid rent. (Second Amd. Complain, dkt # 30 at ¶ 60).

6. The above-quoted paragraphs from the Second Amended Complaint are reproduced below for the Court's convenience:

| **Allegations from Amended Complaint (dkt # 27):** |
|---|
| 30. Upon information and belief, Hub Oil, Alderks, Alderks Tire and KWC caused or contributed to the spilling, leaking, disposal and release of petroleum products and hazardous substances in the course of their operations at the Site, thereby creating a condition of hazardous substance contamination at the Site, and at adjacent properties including BNSF-owned property, due to migration of the hazardous substance contamination. |
| 39. Hub Oil, Alderks, Alderks Tire and KWC, by virtue of their acts and omissions, caused petroleum and other hazardous substances to invade the soil and ground water of the Site in that the petroleum and other hazardous substances generated, stored, spilled, and disposed of by them have entered, remained on, and continue to contaminate the Site and migrate onto other properties, including BNSF-owner property, which constitutes a wrongful entry onto the Site and other properties. |
| 40. The foregoing entry and continuing failure to remove the petroleum and other hazardous substances upon the Site is unlawful, without the consent or authorization of BNSF, and has interfered and continues to interfere with the possessory interests of BNSF in the Site and other properties. |
| 41. BNSF has title and non-exclusive possession of the Site, pursuant to the leases entered into by and among BNSF and Hub Oil, Alderks, Alderks Tire and KWC, as well as the other BNSF properties invaded by the hazardous substances. |
|  |

| |
|---|
| 42. As a direct and proximate result of the foregoing trespass of Hub Oil, Alderks, Alderks Tire and KWC, the Site and other BNSF properties have been and will continue to be harmed. |
| 44. Hub Oil, Alderks, Alderks Tire and KWC are liable for all direct and consequential damages resulting from the trespass, including, without limitation, all costs necessary to restore the Site and other BNSF properties to their former condition. |
| 47. Hub Oil, Alderks, Alderks Tire and KWC negligently allowed the improvements on the Site to become and remain in an unsafe and defective condition. . . . |
| 48. The petroleum and other hazardous substances continue to leach and migrate into the groundwater at the Site and adjacent properties. |
| 56. Hub Oil, Alderks Tire and Alderks failed to indemnify and hold BNSF harmless from liabilities and costs arising from petroleum, pesticides and hazardous substances which Hub Oil, Alderks Tire and Alderks repeatedly spilled, discharged, disposed of and otherwise released at the Site and allowed to migrate onto adjacent properties, including BNSF-owned property. |
| 58. By virtue of the foregoing, Hub Oil, Alderks Tire and Alderks continuously breached (and continue to breach) their contractual obligations to BNSF concerning the Site, under the 1956 Lease, the 1976 Lease, and the 1982 Sublease in the following manner: (a) Hub Oil, Alderks Tire and Alderks breached section 1 of the 1956 Lease by failing to maintain and keep the Site, together with all fences, buildings, and appurtenances thereon owned by Lessee, in good condition and repair. (b) Hub Oil, Alderks Tire and Alderks breached paragraph 8 of the 1956 Lease by failing to indemnify and hold harmless BNSF against all liability, claims, or loss because of damage to or destruction of the Site, while on or in the vicinity of same, as caused by acts or omissions of Hub Oil and Alderks, their employees, or agents. (c) Hub Oil, Alderks Tire and Alderks breached paragraph 8 of the 1976 Lease via the 1982 Sublease by permitting the existence of contamination on the Site and by failing to maintain and keep the Site in proper, clean, safe and sanitary condition. (d) Alderks Tire and Alderks breached paragraph 9 of the 1976 Lease via the 1982 Sublease by failing to keep the Site in good condition, failing to make all repairs and renewals necessary to keep any improvements located thereon in good condition and ready and fit for occupancy, and failing to keep the Site in a condition satisfactory to BNSF. (e) Alderks Tire and Alderks breached paragraph 13 of the 1976 Lease via the 1982 Sublease by failing to indemnify BNSF and save it harmless against any and all claims, demands, expenses, costs and judgements arising from loss of or damage to the Site occurring directly or indirectly by reason of any breach of any part of the 1976 Lease. (f) Alderks Tire and Alderks breached the 1982 Sublease of the 1976 Lease by failing to perform and be bound by the terms of the 1976 Lease as detailed herein. |
| 60. BNSF has been damaged by the foregoing continuing breaches in various manners including, but not limited to: (i) incurring costs and liability in connection with environmental conditions at the Site; (ii) unpaid rent; and (iii) diminution of value of the Site. |
| 59. KWC failed to indemnify and hold BNSF harmless from liabilities and costs arising from petroleum and hazardous substances which KWC repeatedly spilled, discharged, disposed of and otherwise released at the Site and allowed to migrate onto adjacent properties, including BNSF-owned property. |
| 61. By virtue of the foregoing, KWC continuously breached (and continue to breach) its contractual obligations to BNSF concerning the Site, under the 1976 Lease and the 1982 Sublease in the following |

> manner: (a) KWC breached paragraph 8 of the 1976 Lease by permitting the existence of a nuisance on the Site and by failing to maintain and keep the Site in proper, clean, safe and sanitary condition. (b) KWC breached paragraph 9 of the 1976 Lease by failing to keep the Site in good condition, failing to make all repairs and renewals necessary to keep any improvements located thereon in good condition and ready and fit for occupancy, and failing to keep the Site in a condition satisfactory to BNSF. (c) KWC breached paragraph 13 of the 1976 Lease by failing to indemnify BNSF and save it harmless against any and all claims, demands, expenses, costs and judgements arising from loss of or damage to the Site occurring directly or indirectly by reason of any breach of any part of the 1976 Lease. (d) KWC breached the 1982 Sublease of the 1976 Lease by failing to perform and be bound by the terms of the 1976 Lease as detailed herein.

7. At a bare minimum then, the parties settled ALL claims between BNSF, KWC and the Alderks that: (1) dealt with petroleum and non-petroleum contamination on the Site, and on other BNSF-owned properties; (2) dealt with unsafe, defective or unmaintained improvements at the Site; (3) dealt with the indemnification of BNSF; and (4) dealt with the condition of the Site.

8. Moreover, the parties' binding settlement agreement put of record on June 23, 2017 broadens the scope of the release beyond the allegations in the pleadings.

9. The transcript from the mediation speaks of exchanging certain consideration in exchange for which the parties would enjoy "global releases" amongst each other. (6.23.17 transcript at 5).

10. That language wipes out any other contractual claims that might have otherwise existed under the subject lease(s).

11. The written settlement agreement proposed by BNSF is not in conformity with the above terms which were agreed to at the mediation.

12. Other minor issues about the settlement agreement continue to be the subject of discussions between the parties, but it is likely that the Court will, at a minimum, be requested to determine which proposed release conforms to the agreement reached at the mediation.

13. Due to their confidential nature, KWC and the Alderks' most recent proposed

settlement agreement will be provided to the Court outside the public record, along with BNSF's most recent proposed settlement agreement, so that the Court may compare their terms side by side.

WHEREFORE, Defendants/Cross-defendants ALDERKS TIRE SERVICE and KRISTINE PEIRCE, and Defendants/Third Party Defendants/Cross-claimants, KELLEY WILLIAMSON COMPANY respectfully request an order directing BNSF to promptly execute the version of the settlement agreement last proposed by KWC and ALDERKS on September 14, 2017, and for whatever additional relief the Court deems just.

**Kelley Williamson Company, by:**
/s/ Joel M. Huotari
Joel M. Huotari
Russell D. Anderson
WilliamsMcCarthy LLP
120 West State Street, Suite 400
P. O. Box 219
Rockford, IL   61105-0219
815-987-8900
jhuotari@wilmac.com
Randerson@wilmac.com

**Alderks Tire Service, Inc. &**
**Kristine M. Pierce, by:**
/s/ Mark T. Schmidt
Schmidt & Barbrow, P.C.
300 S. County Farm Road
Unit F
Wheaton, IL 60187
(630) 690-0100
Email: mschmidt@schmidtbarbrow.com

&

/s/   Bruce Joseph Farrell
Law Offices of B. J. Farrell, P.C.
3341 Hobson Road
Suite A
Woodridge, IL 60517
630-336-1100
Email: bjfarrell@bjfarrelllaw.com

## CERTIFICATE OF LAWYER

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned certifies that on September 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

/s/ Joel M. Huotari

Joel M. Huotari
Russell D. Anderson
WilliamsMcCarthy LLP
120 West State Street, Suite 400
P. O. Box 219
Rockford, IL   61105-0219
815-987-8900
jhuotari@wilmac.com
Randerson@wilmac.com